EXHIBIT E

 CENTER *for* BIOLOGICAL DIVERSITY                    *Because life is good.*

October 20, 2022

Secretary of Agriculture Tom Vilsack
U.S. Department of Agriculture
Washington, D.C.
Email: agsec@usda.gov
Phone: (202) 720-3631

U.S. Forest Service Chief Randy Moore
Washington, D.C.
Email: randy.moore@usda.gov
Phone: (202) 205-8439

Southwest Regional Forester Michiko Martin
U.S. Forest Service
Albuquerque, NM
Email: michiko.martin@usda.gov
Phone: (505) 842-3292

Coronado National Forest Supervisor Kerwin Dewberry
Tucson, AZ
Email: Kerwin.dewberry@usda.gov
Phone: (520) 388-8306

Dear Secretary Vilsack, Chief Moore, Regional Forester Martin and Forest Supervisor Dewberry,

**RE:  U.S. Department of Agriculture and U.S. Forest Service failure to stop illegal trespass, destruction of federal property and occupation of Coronado National Forest property by the State of Arizona's clearing of land and placement of shipping containers along the border in the San Rafael Valley west of the Huachuca Mountains in Southeast Arizona.**

The State of Arizona is illegally trespassing on and damaging Coronado National Forest property in southern Arizona by clearing trees and by staging shipping containers near the border as a political publicity stunt ordered by Arizona Governor Doug Ducey.

In response to Governor Ducey's attempting the same stunt on Department of Interior Bureau of Reclamation property near Yuma, the Bureau of Reclamation has publicly opposed Governor Ducey's stunt.

The Bureau of Reclamation wrote to Governor Ducey's Directors of the Emergency Management Department and of the Arizona Department of Homeland Security Director stating that "unauthorized placement of those containers constitutes a violation of federal law and is a trespass against the United States (43 C.F.R. Part 423; 43 C.F.R. Part 429).  That trespass is harming federal lands and resources and impeding Reclamation's ability to perform its mission."

Meanwhile, the U.S. Department of Agriculture, the U.S. Forest Service and the Coronado National Forest remain silent about similar activities currently taking place on the Coronado National Forest.

The following images document Governor Ducey's illegal trespass on and damage to the Coronado National Forest:



Shipping containers stacked next to border road.  The image is looking to the east and the scar created by past construction activity in the Huachuca Mountains' Coronado National Monument. October 16, 2022.



Shipping containers and cleared area on the Coronado National Forest.  The image is looking to the east and the scar created by past construction activity in the Huachuca Mountains' Coronado National Monument. October 16, 2022.



Normandy barriers, border road and shipping containers staging area.  The image is looking to the west. October 16, 2022.



Normandy barriers and shipping containers staging area.  The image is looking to the west. October 16, 2022.



Shipping container staging area with border Normandy barriers in the background.  The image is looking to the southwest. October 16, 2022.



Shipping container staging area with border Normandy barriers and border road in the background.
The image is looking to the southwest. October 16, 2022.

The unauthorized placement of these containers is a trespass against the United States (43 C.F.R.
Part 423; 43 C.F.R. Part 429).  Trespass that is harming federal lands and resources and impeding the
Coronado National Forest's ability to perform its mission.

On October 20, 2022, in an attempt to thwart Governor Ducey's damaging stunt on the Coronado
National Forest, the Center filed a Notice of Intent to Sue pursuant to the Endangered Species Act
against the Governor and his Department of Emergency and Military Affairs and Department of
Homeland Security.

The Endangered Species Act provides for citizen enforcement to protect endangered species
and Critical Habitat; however, other laws preventing environmentally damaging activities on federal
lands do not allow for citizen enforcement.  Only federal officials can initiate enforcement of these
other laws.

Among these other laws stopping destructive activities without a permit on Public Lands is
the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq*.; and the
Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq*.

"NEPA imposes a procedural requirement that an agency must contemplate the environmental impacts of its actions." *Idaho Sporting Congress v. Thomas*, 137 F.3d 1146, 1149 (9th Cir. 1998); *see* 42 U.S.C. § 4332.  The purpose of NEPA is to ensure "that the agency, in reaching its decision, will have available, and will carefully consider, detailed information concerning significant environmental impacts; it also guarantees that the relevant information will be made available to the larger [public] audience that may also play a role in both the decision-making process and implementation of that decision." *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989).  NEPA requires that agencies, in this case the Forest Service, must prepare a detailed "environmental impact statement" ("EIS") for all "major Federal actions significantly affecting the quality of the human environment." *Blue Mountains Biodiversity Project v. Blackwood*, 161 F.3d 1208, 1212 (9th Cir. 1998), quoting 42 U.S.C. § 4332(2)(C).  An EIS must be prepared if there are substantial questions as to whether a proposed project may cause significant degradation of some environmental factor. *Id*.  And, Agencies must make diligent efforts to involve the public in preparing and implementing their NEPA procedures. 40 C.F.R. § 1506.6(a).

Forest Service initiating the NEPA process is one way to remedy Governor Ducey's current illegal trespass situation, one without a Special Use Permit as required by the Organic Act of 1897, 16 U.S.C. § 551; the Multiple-Use and Sustained Yield Act ("MUSYA"), 16 U.S.C. §§ 528–531; the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 472a, 521b, 1600-1614; and USFS's implementing regulations.

Pursuant to its enabling statutes, USFS has promulgated regulations governing special use permits, which authorize the "use or occupancy of National Forest System lands and specif[y] the terms and conditions under which the use or occupancy may occur." 36 C.F.R. § 251.51.  "All uses of National Forest System lands, improvements, and resources, except those" enumerated under USFS regulations "are designated 'special uses.'" *Id.* § 251.50(a).  Before a special use may be conducted on a National Forest, "individuals or entities must submit a proposal to the authorized officer and must obtain a special use authorization from the authorized officer, unless that requirement" has been waived. *Id.*

The Forest Service's special use regulations provide minimum requirements that each applicant must meet. 36 C.F.R. § 251.54.  Specifically, the Forest Service must ensure that: "the proposed use is consistent with" applicable federal "laws, regulations, orders, and policies," including the ESA. *Id.* § 251.54(e)(1)(i)–(iii). Assuming an application for a special use permit satisfies these threshold criteria, USFS is nevertheless required to "reject any proposal" for a special use permit that "would be inconsistent or incompatible with the purposes for which the lands are managed," or "would not be in the public interest." *Id.* § 251.54(e)(5)(i)–(ii).

Governor Ducey's activities are not consistent with applicable federal "laws, regulations, orders, and policies," including the ESA. *Id.* § 251.54(e)(1)(i)–(iii).  And even if Governor Ducey's applies for a special use permit and you believer that he has satisfied these threshold criteria, the Forest Service is nevertheless required to "reject any proposal" for a special use permit that "would be inconsistent or incompatible with the purposes for which the lands are managed," or "would not be in the public interest." *Id.* § 251.54(e)(5)(i)–(ii).

In addition, Governor Ducey's actions violate 18 U.S.C. 371: Conspiracy to commit offense or to defraud United States.  18 U.S.C. 371 states:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or

more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

There are likely other laws applicable to this situation.  We suggest that you instruct your army of attorneys to interrupt their focus on defending failure of Forest Service employees' failure to obey environmental laws, to help you address and stop Governor Ducey's illegal actions.

Please remember that in order to serve in the Cabinet or to be employed by the federal government you swore an oath set forth by law in 5 U.S. Code § 3331, which reads as follows:

"An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath: "I, ___, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God."

We expect that you respect your oath of office and the laws that you are entrusted to obey and enforce.

We await fulfillment of your oath and duties.

If you have any questions about the issues raised in this notice letter, please feel free to contact Robin Silver, M.D., Center for Biological Diversity, P.O. Box 1178, Flagstaff, AZ 86002, by mail; by phone: (602) 799-3275, or by Email: rsilver@biologicaldiversity.org.

Sincerely,

Robin Silver, M.D.
Co-Founder and Board Member
Center for Biological Diversity