Marc D. Fink (MN Bar No. 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, Minnesota 55805
Tel: 218-464-0539
Email: mfink@biologicaldiversity.org
*Pro Hac Vice*

*Attorney for Defendant-Intervenor
Center for Biological Diversity*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas A. Ducey, Governor of Arizona, in his official capacity, | No. CV-22-1814-PHX-DGC |
| Plaintiff, | **CENTER FOR BIOLOGICAL DIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| Randy Moore, Chief of the United States Forest Service, in his official capacity, *et al.*, | |
| Defendants, | |
| and | |
| Center for Biological Diversity, | |
| Defendant-Intervenor. | |

Defendant-Intervenor Center for Biological Diversity ("the Center") submits this Answer to Plaintiff Douglas A. Ducey, Governor of Arizona's Complaint. Doc. 1. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

1

1.      The allegation in the first sentence of paragraph 1 is vague and ambiguous. To the extent a response is required, the allegation is denied. The allegations in the second and third sentences of paragraph 1 are vague and ambiguous. To the extent a response is required, the Center is without sufficient knowledge or information to form a belief as to the truth of these allegations, and denies them on that basis. The allegations in the fourth and fifth sentences of paragraph 1 refer to correspondence between the state and federal agencies, which speak for themselves and are the best evidence of their contents.

2.      The allegation in the first sentence of paragraph 2 is a legal conclusion to which no response is required. The allegations in the second sentence of paragraph 2 refer to letters from federal agencies which speak for themselves and are the best evidence of their contents. The remainder of paragraph 2 contains a general description of Plaintiff's action against the Federal Defendants, to which no response is required.

3.      The Center admits the allegation in the first sentence of paragraph 3. The allegations in the second sentence of paragraph 3 characterize a state statute, which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 3 characterize an executive order, which speaks for itself and is the best evidence of its contents.

4.      The allegations in the first sentence of paragraph 4 characterize correspondence from the Forest Service to the state, which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 4 are legal conclusions to which no response is required.

5. The allegations in paragraph 5 are conclusions of law to which no response is required.

6. The allegation in paragraph 6 is a conclusion of law to which no response is required.

7. The Center admits the allegation in paragraph 7.

8. The Center admits the allegation in paragraph 8.

9. The Center admits the allegation in the first sentence of paragraph 9. The Center admits that Secretary Vilsack oversees the Forest Service, but denies that Secretary Vilsack oversees the Bureau of Reclamation.

10. The Center admits the allegation in the first sentence of paragraph 10. The Center admits that the Forest Service is generally responsible for managing the National Forest System lands, but denies that the Forest Service is responsible for managing the United States' natural resources beyond that. The Center is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10.

11. The Center admits the allegations in paragraph 11.

12. The allegation in paragraph 12 is a conclusion of law to which no response is required.

13. The allegation in paragraph 13 is a conclusion of law to which no response is required.

14. The allegations in paragraph 14 are vague and ambiguous. To the extent a response is required, the Center denies the allegations.

15. The Center admits that the United States government initiated construction of a border wall, but denies that it is effective. The Center denies that the federal government abandoned this effort in 2021.

16. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and deny them on that basis.

17. The allegations in paragraph 17 refer to a Federal Register notice, which speaks for itself and is the best evidence of its contents.

18. The allegations in paragraph 18 refer to a Federal Register notice, which speaks for itself and is the best evidence of its contents.

19. The allegations in paragraph 19 refer to a Federal Register notice, which speaks for itself and is the best evidence of its contents.

20. The allegations in paragraph 20 are vague and ambiguous. While the Center admits that the Department of Homeland Security ended the Trump administration's "Remain in Mexico" policy, the Center denies the remaining allegations in paragraph 20 to the extent a response is required.

21. The allegations in paragraph 21 are vague and ambiguous. To the extent a response is required, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegations.

22. The allegations in paragraph 22 refer to data from the United States Customs and Border Protection, which speaks for itself and is the best evidence of its contents.

23. The allegations in paragraph 23 appear to refer to data from the United

States Customs and Border Protection, which speaks for itself and is the best evidence of its contents.

24. The allegations in paragraph 24 refer to data from the Federal Bureau of Investigation, which speaks for itself and is the best evidence of its contents.

25. The allegations in paragraph 25 appear to refer to data from the Federal Bureau of Investigation, which speaks for itself and is the best evidence of its contents.

26. The Center admits the first sentence of paragraph 26. The remaining allegations in paragraph 26 refer to law enforcement data, which speaks for itself and is the best evidence of its contents.

27. The allegations in paragraph 27 appear to refer to law enforcement data, which speaks for itself and is the best evidence of its contents.

28. The allegations in paragraph 28 appear to refer to law enforcement data, which speaks for itself and is the best evidence of its contents.

29. The allegations in paragraph 29 refers to data or information from the Cochise County Sheriff's Department, which speaks for itself and is the best evidence of its contents.

30. The allegations in paragraph 30 are vague and ambiguous. To the extent a response is required, the Center denies the allegations.

31. The Center denies the allegations in paragraph 31.

32. The allegations in paragraph 32 refer to an emergency declaration, which speaks for itself and is the best evidence of its contents.

33. The Center admits that the Governor deployed the Arizona National Guard

to the Arizona southern border.

34. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34, and deny them on that basis.

35. The allegations in paragraph 35 refer to a "joint letter on the border," which speaks for itself and is the best evidence of its contents.

36. The allegations in paragraph 36 refer to a "ten-point plan" and a letter in response, which each speaks for themselves and are the best evidence of their contents.

37. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37, and deny them on that basis.

38. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38, and deny them on that basis.

39. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 36, and deny them on that basis. The allegations in the second sentence of paragraph 39 refer to an initiative, which speaks for itself and is the best evidence of its contents.

40. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40, and deny them on that basis.

41. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41, and deny them on that basis.

42. The allegations in paragraph 42 refer to new legislation, which speaks for itself and is the best evidence of its contents.

43. The allegations in paragraph 43 refer to an executive order, which speaks for itself and is the best evidence of its contents.

44. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44.

45. The allegations in paragraph 45 refer to the Roosevelt Proclamation, which speaks for itself and is the best evidence of its contents.

46. The allegations in paragraph 46 refer to the Roosevelt Proclamation, which speaks for itself and is the best evidence of its contents.

47. The allegations in paragraph 47 refer to the Roosevelt Proclamation, which speaks for itself and is the best evidence of its contents.

48. The allegations in paragraph 48 refer to remarks made by the chief of the Border Patrol's Tucson Sector, which speaks for itself and is the best evidence of its contents.

49. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49, and deny them on that basis.

50. The allegations in paragraph 50 refer to letters from state departments to the Bureau of Reclamation, which speaks for themselves and are the best evidence of their contents.

51. The allegations in paragraph 51 refer to a letter from the Bureau of Reclamation, which speaks for itself and is the best evidence of its contents.

52. The allegations in paragraph 52 refer to an Arizona Department of Emergency and Military Affairs letter, which speaks for itself and is the best evidence of its contents.

53. The allegations in paragraph 53 refer to a Forest Service letter, which speaks for itself and is the best evidence of its contents.

54. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 54, and denies it on that basis.

55. The allegations in paragraph 55 refer to an Arizona Department of Emergency and Military Affairs letter, which speaks for itself and is the best evidence of its contents.

56. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56, and denies them on that basis.

57. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57.

58. The allegation in paragraph 58 refers to and characterizes a federal regulation, which speaks for itself and is the best evidence of its contents.

59. The allegations in paragraph 59 refers to federal regulations, which speak for themselves and are the best evidence of their contents.

60. The allegations in paragraph 60 refers to federal regulations, which speaks for themselves and are the best evidence of their contents.

61. The Center is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61.

62. The allegation in paragraph 62 appears to refer to a Forest Service letter, which speaks for itself and is the best evidence of its contents. To the extent that this allegation is not referring specifically to a Forest Service letter, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegation.

63. The Center admits that the federal government has issued waivers for border wall construction in the past.

64. The allegations in paragraph 64 are vague and ambiguous. To the extent a response is required, the Center asserts that it is without sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

65. The Center hereby incorporates by reference their responses to all preceding paragraphs.

66. The allegations in paragraph 66 characterize the United States Constitution, which speaks for itself and is the best evidence of its contents. The Center denies any allegations contrary to Constitution's plain language, meaning, or context.

67. The Center lacks insufficient information to know what Governor Ducey "fully understands," and so denies the allegation in the first clause of the first sentence of paragraph 67. The remainder of the allegations in paragraph 67 characterize the United States Constitution, which speaks for itself and is the best evidence of its contents. The Center denies any allegations contrary to Constitution's plain language, meaning, or context.

68. The allegation in paragraph 68 is a conclusion of law to which no response is required. To the extent a response is required, the Center denies the allegation.

69. The allegation in paragraph 69 is a conclusion of law to which no response is required. To the extent a response is required, the Center denies the allegation.

70. The allegation in the first sentence of paragraph 70 is a conclusion of law to which no response is required. The allegations in the second sentence of paragraph 70 appear to refer to Forest Service and Bureau of Reclamation letters which speak for themselves and are the best evidence of their contents. To the extent the allegations in the second sentence of paragraph 70 do not refer to Forest Service and Bureau of Reclamation letters, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegations.

71. The allegations in paragraph 71 are conclusions of law to which no response is required.

72. The allegation in paragraph 72 is a conclusion of law to which no response is required.

73. The allegations in paragraph 73 set forth the state's request for relief, to which no response is required.

74. The Center hereby incorporates by reference their responses to all preceding paragraphs.

75. The allegations in paragraph 75 refer to a 2006 Memorandum of Understanding, which speaks for itself and is the best evidence of its contents.

76. The Center admits the first and second sentences of paragraph 76. The third sentence of paragraph 76 refers to a 2006 Memorandum of Understanding, which speaks for itself and is the best evidence of its contents. The Center denies any allegations contrary to Memorandum's plain language, meaning, or context.

77. The allegations of paragraph 77 appear to refer to the 2006 Memorandum of Understanding, which speaks for itself and is the best evidence of its contents. The Center denies any allegations contrary to Memorandum's plain language, meaning, or context.

78. The Center lacks information sufficient to determine what the Forest Service and Bureau of Reclamation "are aware" of, and so denies the allegations in paragraph 78.

79. The allegation in the first sentence of paragraph 79 is a conclusion of law to which no response is required. The allegation in the second sentence of paragraph 79 appears to refer to Forest Service and Bureau of Reclamation letters which speak for themselves and are the best evidence of their contents. To the extent the allegations in the second sentence of paragraph 79 do not refer to Forest Service and Bureau of Reclamation letters, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegations.

80. The allegations in paragraph 80 are conclusions of law to which no response is required.

81. The allegations in paragraph 81 set forth the state's request for relief, to which no response is required.

82. The Center hereby incorporates by reference their responses to all preceding paragraphs.

83. The allegation in the first sentence of paragraph 83 is a conclusion of law to which no response is required. The Center admits the allegation in the second sentence of paragraph 83.

84. The allegations in paragraph 84 are conclusions of law to which no response is required.

85. The allegation in the first sentence of paragraph 85 is a conclusion of law to which no response is required. The allegation in the second sentence of paragraph 85 appears to refer to Forest Service and Bureau of Reclamation letters which speak for themselves and are the best evidence of their contents. To the extent that the allegation in the second sentence of paragraph 85 does not refer to Forest Service and Bureau of Reclamation letters, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegation.

86. The allegation in paragraph 86 sets forth the state's request for relief, to which no response is required.

87. The Center hereby incorporates by reference their responses to all preceding paragraphs.

88. The allegation in paragraph 88 characterizes the United States Constitution, which speaks for itself and is the best evidence of its contents. The Center denies any allegations contrary to Constitution's plain language, meaning, or context.

89. The allegation in paragraph 89 characterizes the United States Constitution, which speaks for itself and is the best evidence of its contents. The Center denies any allegations contrary to Constitution's plain language, meaning, or context.

90. The allegations in paragraph 90 refer in part to an executive order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in paragraph 90 are not referring to the executive order, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegations.

91. The allegations in paragraph 91 appear to refer at least in part to Forest Service and Bureau of Reclamation letters, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 91 are not referring to these letters, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegations.

92. The allegation in the first sentence of paragraph 92 is a conclusion of law to which no response is required.  The allegation in the second sentence of paragraph 92 sets forth the state's request for relief, to which no response is required.

93. The Center hereby incorporates by reference their responses to all preceding paragraphs.

94. The allegation in paragraph 94 appears to refer to a Forest Service letter, which speak for itself and is the best evidence of its contents.  To the extent the allegation in paragraph 94 is not referring to a Forest Service letter, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegation.

95. The allegation in the first sentence of paragraph 95 is a conclusion of law to which no response is required. The allegation in the second sentence of paragraph 95 appears to refer to Forest Service and Bureau of Reclamation letters, which speak for themselves and are the best evidence of their contents. To the extent the allegation in the second sentence of paragraph 95 is not referring to these letters, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegation.

96. The allegations in paragraph 96 are conclusions of law to which no response is required.

97. The allegations in paragraph 97 set forth the state's request for relief, to which no response is required.

98. The Center hereby incorporates by reference their responses to all preceding paragraphs.

99. The allegation in paragraph 99 regarding jurisdiction is a conclusion of law to which no response is required. To the extent any further response is required, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegations.

100. The allegations in paragraph 100 are vague and ambiguous. To the extent a response is required, the Center is without sufficient knowledge or information to form a belief as to the truth of the allegations.

101. The allegation in the first sentence of paragraph 101 is a conclusion of law to which no response is required. The allegations in the second sentence of paragraph 101 sets forth the state's request for relief, to which no response is required.

The remainder of Plaintiff's Complaint constitutes its request for relief, to which no response is required. To the extent a response is required, the Center denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

The Center denies any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

The Plaintiff has failed to state a claim on which relief can be granted.

Dated November 28, 2022.   Respectfully submitted,

/s/ Marc D. Fink
Marc D. Fink (MN Bar No. 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, Minnesota 55805
Tel: 218-464-0539
Email: mfink@biologicaldiversity.org
*Pro Hac Vice*

*Attorney for Defendant-Intervenor*
*Center for Biological Diversity*